# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY ANDREW PIATEK,
a/k/a PETER JOSEPH BARDESON,

                  Plaintiff,                Case No. 04-C-81

      v.

DAVID GRAVES, KURT PICKNELL,
MICHAEL SCHMITZ, JOHN DELANEY,
BRIAN BOHLMANN, ELIZABETH PETERS,
and LAURA BANICKE,

                  Defendants.

## OPINION AND ORDER

      Larry Andrew Piatek, a prisoner in state custody who uses the aliases Peter Joseph Bardeson and David McKibben, is suing three employees of the Walworth County (Wisconsin) Jail, and four health care professionals under contract to Walworth County to provide medical care for jail inmates. Piatek alleges that the Defendants deprived him of his rights under the Fourteenth Amendment[1] by treating his serious medical problem with deliberate indifference. He is seeking monetary and injunctive relief pursuant to 42 U.S.C. § 1983. The Defendants have answered and have denied liability. After the close of all discovery, both the non-medical and the

---

[1] The parties refer to Piatek's claim as one being brought for deprivation of rights under the Eighth Amendment. However, the Eighth Amendment does not apply to pretrial detainees. Piatek was a potential detainee at all times relevant to his claims. See Cavalieri v. Shepard, 321 F.3d 616, 620 (7th Cir.), cert. denied, 540 U.S. 1003 (2003). The Fourteenth Amendment protects pretrial detainees under the same standards. See Id.

medical Defendants filed motions for summary judgment.  <u>See</u> Federal Rule of Civil Procedure 56.  These motions are now fully briefed.

At the end of the medical Defendants' brief they raise the issue of whether Piatek exhausted his administrative remedies prior to bringing suit pursuant to 42 U.S.C. § 1997e.  The Seventh Circuit has ruled that failure to exhaust under section 1997e is an affirmative defense.  <u>See</u> <u>Dale v. Lappin</u>, 376 F.3d 652, 656 (7th Cir. 2004).  The court is unaware of any Seventh Circuit opinion holding that this affirmative defense can be raised in a brief supporting summary judgment.  Other circuits are in conflict.  <u>Compare</u>, <u>e.g.</u>, <u>Lafreniere Park Foundation v. Broussard</u>, 221 F.3d 804, 808 (5th Cir. 2000) (allowing affirmative defense to be raised in summary judgment motion), with <u>Monzingo v. Correct Manufacturing Corporation</u>, 752 F.2d 168, 172 (5th Cir. 1985) (rejecting affirmative defense raised outside the pleadings).  This issue is potentially dispositive of the entire action.  Therefore, the court will deny the pending motions for summary judgment and will allow the parties twenty days from the date of this Order to serve and file amended Answers, if warranted.

Accordingly, the court ORDERS that the "Walworth County Defendants' Motion for Summary Judgment" (filed November 15, 2004) IS DENIED without prejudice.

IT IS FURTHER ORDERED that "Defendants Dr. Brian Bohlmann, Laura Banike, and Elizabeth Peters' Motion for Summary Judgment" (filed November 15, 2004) IS DENIED without prejudice.

IT IS FURTHER ORDERED that the parties may serve and file answers amended for the sole purpose of raising any affirmative defenses within twenty days

of the date of this Order. Within thirty days of the date of this Order the Defendants may serve and file amended motions for summary judgment.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 14th day of July, 2005.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge
